UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 2:20-cv-4021 |
| v. | )<br>) JURY TRIAL REQUESTED |
| VINCA ENTERPRISES, INC. AND PURI GROUP OF ENTERPRISES, INC., | )<br>)<br>) |
| Defendants. | ) |

COMPLAINT

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. (Title VII) and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices by Vinca Enterprises, Inc. and Puri Group of Enterprises, Inc. (collectively "Defendants") and to provide appropriate relief to Kathryn Palmer. As alleged with more particularity below, the Commission alleges Defendants intentionally violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by creating a hostile work environment for Palmer based on sex.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices occurred in the State of Missouri. The unlawful employment practices occurred within the jurisdiction of the Central Division of the United States District Court for the Western District of Missouri.

## PARTIES

4. Plaintiff U.S. Equal Employment Opportunity Commission ("the Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action pursuant to 42 U.S.C. 2000e-5(f)(1) and (3).

5. Defendant Vinca Enterprises, Inc. was incorporated in the State of Missouri in 2005 and has its principal place of business in Jefferson City, Missouri.

6. Upon information and belief, during the relevant period, Vinca Enterprises, Inc. operated the DoubleTree Hotel in Jefferson City, Missouri, under a franchise license agreement with a subsidiary of Hilton Hotels Corporation.

7. Defendant Puri Group of Enterprises, Inc. was incorporated in the State of Missouri in 2006 and has its principal place of business in Jefferson City, Missouri.

8. Upon information and belief, during the relevant period, Puri Group of Enterprises, Inc. managed the DoubleTree Hotel in Jefferson City, Missouri.

9. Upon information and belief, Defendants are both owned by Vivek Puri and his family members and have the same business address. During the relevant period, most of the same individuals served as officers and directors of both Defendants.

10. At all relevant times, Mr. Puri oversaw the operations and employees of the DoubleTree Hotel in Jefferson City, Missouri.

11. Upon information and belief, during the relevant period, Mr. Puri oversaw the operations and employees of both Defendants and the hotels operated by Defendants.

12. At all relevant times, Defendants have continuously been businesses engaged in an industry affecting commerce under Sections 701(g) and (h) of Title VII, 42 U.S.C.§ 2000e(g) and (h).

13. During the relevant period, Defendants have each employed more than fifteen people and therefore each constitutes an "employer" under 42 U.S.C. § 2000e(b).

14. At all relevant times, Defendants have been continuously doing business in Jefferson City, Missouri, functioning as a single employer and a single integrated enterprise.

## ADMINISTRATIVE PROCEDURES

15. On June 10, 2015, more than 30 days prior to the institution of this lawsuit, Kathryn Palmer filed a charge with the Commission alleging that Defendant Vinca Enterprises, Inc. violated various provisions of Title VII.

16. On June 15, 2015, the Commission mailed Defendant Vinca Enterprises, Inc. a timely notice of Palmer's charge as required by 42 U.S.C. § 2000e-5(b).

17. On September 6, 2019, following the Commission's investigation of Palmer's charge, the Commission issued a Letter of Determination pursuant to 42 U.S.C. § 2000e-5(b) finding reasonable cause to believe that Defendant Vinca Enterprises, Inc. violated Title VII and

3

inviting them to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

18. The Commission engaged in communications with Defendant Vinca Enterprises, Inc. to provide the opportunity to remedy the discriminatory practices described in the Letter of Determination.

19. The Commission was unable to secure an acceptable conciliation agreement.

20. On September 24, 2019, the EEOC issued a Notice of Failure of Conciliation to Defendant Vinca Enterprises, Inc. advising that the Commission was unable to secure an acceptable conciliation agreement.

21. Because Defendants are a single integrated enterprise, all conditions precedent to the initiation of this lawsuit as to each have been fulfilled.

## STATEMENT OF FACTS

22. Kathryn Palmer is a female resident of the State of Missouri.

23. Palmer was an "employee" of Defendants within the meaning of Section 701(f) of Title VII, 42 U.S.C. § 2000e(f).

24. Palmer was employed by Defendants as a housekeeper and laundry worker at their DoubleTree Hotel in Jefferson City, Missouri between 2008 and 2015.

25. At all relevant times, Vivek Puri has been the General Manager of the DoubleTree Hotel and during relevant periods, Amanda Villa and Travis Steck were management employees at the hotel who supervised Palmer.

26. During 2014 and early 2015, a male room inspector employed by Defendants at the DoubleTree Hotel, Antoine "Tank" King, engaged in unwelcome, offensive sexual comments and conduct toward Palmer and other female employees at the hotel.

4

27. For example, King threw Palmer on a bed in a guest room while making an offensive remark.

28. On another occasion, King hit Palmer's arm while she was folding laundry.

29. On daily basis, King made offensive sexual comments to Palmer and other female employees at the hotel. For example, King made comments to Palmer and other female employees about "bitches" and "pussy" and statements such as "I fucked two girls in the room." King told Palmer about his sexual conquests and stated, "I got one bitch fired and I will get you fired too."

30. In addition to King's comments and conduct toward her (including but not limited to the matters described above), Palmer observed and heard about King's harassment of other female housekeeping employees.

31. Palmer heard King tell housekeeper Svetlana Crafton, "I want some of that Russian puss puss." King also asked Crafton to meet him in one of the guest rooms at the hotel to have sex, but she refused. King stated, "I like my job because I have everything here. I have Black pussy, White pussy, Russian pussy, and Mexican pussy."

32. King threw another female hotel employee, Nidra Session, on a bed in a guest room and stated, "I am going to rape you." When Session refused to have sex with King, he stated "What? You don't want your inspector's balls in your mouth?"

33. King made comments to Session about "bitch's holes" and his "big dick." Palmer heard about some of these incidents and comments.

34. Session complained to Vivek Puri about King's treatment; Puri stated he did not have to do anything about it, and Defendants took no action.

5

35. Palmer complained to management employees Amanda Villa and Travis Steck about King's offensive sexual comments and behavior. Crafton and other female employees also complained to management about King's offensive sexual comments and behavior. Despite these complaints, Defendants took no action to stop the harassment, and King continued to subject Palmer to unwanted offensive sexual comments and behavior.

36. King's harassment of Palmer was severe, pervasive, intentional, intimidating, and created a sexually hostile work environment.

37. Defendants were aware of King's unwanted offensive sexual comments and behavior but failed to take appropriate remedial action to prevent or correct it.

STATEMENT OF CLAIM

(Title VII – Unlawful Harassment/Sex)

38. Plaintiff repeats, re-alleges and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as if fully set forth herein.

39. King's sexually offensive comments and conduct toward Palmer was unwelcome, intentional, severe, pervasive, and created a sexually hostile working environment.

40. King's sexually offensive comments and conduct toward Palmer was egregious, humiliating, and intimidating.

41. Although Palmer and others notified management of King's unwanted offensive sexual comments and behavior, Defendants failed to take prompt, effective remedial action to end the harassment.

42. As a direct and proximate result of Defendants' violation of 42 U.S.C. Section 2000e-2(a)(1), Palmer suffered actual damages including but not limited to humiliation, emotional distress, mental anguish, and loss of enjoyment of life.

43. Defendants' and King's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Palmer's federally-protected rights.

44. The effect of the practices complained of above has been to deprive Palmer of equal employment opportunities and otherwise adversely affect her employment status because of her sex.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Issue a permanent injunction enjoining Defendants, their employees, agents, officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates on the basis of sex, including the harassment of employees because of their sex in violation of 42 U.S.C. § 2000e-2(a);

B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for female workers and eradicate the effects of its past and present unlawful practices;

C. Order Defendants to make whole Palmer by providing compensation for past and future pecuniary and non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional distress, pain and suffering, anxiety, loss of enjoyment of life, humiliation, embarrassment, and inconvenience, in amounts to be determined at trial;

D. Order Defendants to pay Palmer punitive damages for their malicious conduct or reckless indifference described above, in amounts to be determined at trial;

E. Grant such other and further relief as this Court deems necessary and proper in the public interest; and

F. Award the Commission its costs in this action.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

ANDREA G. BARAN, MO Bar No. 46520
Regional Attorney

/s/ C. Felix Miller
C. FELIX MILLER, MO Bar No. 28309
Supervisory Trial Attorney

JENNIFER L. ARENDES, MO Bar No. 46638
Trial Attorney

MEREDITH S. BERWICK
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
St. Louis District Office
1222 Spruce Street, Rm. 8.100
St. Louis, MO 63103
Telephone: (314) 539-7914
Facsimile: (314) 539-7895
andrea.baran@eeoc.gov
felix.miller@eeoc.gov
jennifer.arendes@eeoc.gov
meredith.berwick@eeoc.gov