**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 2:20-cv-04021-NKL |
| VINCA ENTERPRISES, INC. and PURI GROUP OF ENTERPRISES, INC., | |
| Defendants. | |

**ORDER**

This dispute involves a room inspector employed by the Defendants who allegedly engaged in unwelcome, offensive, sexual comments and conduct toward Kathryn Palmer, also employed by the Defendants.  Plaintiff, the Equal Employment Opportunity Commission, contends that Defendants have violated Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by creating a hostile work environment for Palmer based on her sex.   Doc. 1.    Defendant Puri Group of Enterprises, Inc. now moves to dismiss the Complaint arguing that Palmer did not administratively exhaust her claim against Puri Group.  Doc. 11.

Because the Court finds that Vinca and Puri Group are a single integrated entity, the motion to dismiss is denied.

**I.      Background**

In June 2015, Palmer filed a charge with the Commission alleging that Vinca violated various provisions of Title VII. In September 2019, after the Commission investigated Palmer's charge, the Commission issued a Letter of Determination finding reasonable cause to believe that Vinca violated Title VII.  Because the Commission was unable to secure an acceptable conciliation

agreement with Vinca, it issued a Notice of Failure of Conciliation. Plaintiff then brought suit here in February 2020.

## II.     Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim has facial plausibility when its allegations rise above the "speculative" or "conceivable," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007), and where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. On a motion to dismiss, the Court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

## III.     Discussion

Puri Group argues that Plaintiff has not exhausted her administrative remedies as to Puri Group because Puri Group was not named in Plaintiff's administrative charge. Further, Plaintiff's complaint fails to plead sufficient facts to plausibly allege that Puri Group was Palmer's employer. Doc. 12, at 4. Plaintiff argues that its complaint alleges facts that satisfy the single-employer exception to Title VII's charge-filing requirement, and therefore Puri Group's attempt to dismiss the claims against it on the ground of failure-to-exhaust administrative remedies fails. Doc. 17, at 10.

A plaintiff must file a charge against a defendant with the EEOC before she can sue under Title VII. *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985). However, the Eighth Circuit has recognized an exception to Title VII's charge-filing requirement when the entity named in the charge and the unnamed entity constitute a "single employer." *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985); *Kizer v. Curators of University of Missouri*, 816 F. Supp. 548, 551 (E.D. Mo. 1993). The factors to be considered in determining whether separate entities should be treated as a single employer include (1) the degree of interrelation between the operations; (2) the degree to which the entities share common management; (3) centralized control of labor relations; and (4) the degree of common ownership or financial control. EEOC Compliance Manual, Section 2: Threshold Issues, No. 915.003, at 44-45; *Baker v. Stuart Broad. Co.*, 560 F.2d 389, 391 (8th Cir. 1977). However, a plaintiff need not make a showing on all four factors of the single employer test. *See, e.g., Smith v. Grifols* USA, LLC, 2016 WL 880420, at *9 (finding the plaintiff's allegations that the defendants were affiliates, related entities, subsidiaries, and owned or operated by the same entity and in the same line of business sufficient to survive a motion to dismiss).

According to Puri Group, the only allegations relevant to the single employer test in the complaint are that Puri Group "manages Vinca, Puri Group and Vinca share common ownership and an address, and that Vivek Puri oversaw the operations and employees of both Defendants and the hotels operated by Defendants." Doc. 12, at 6. However, Plaintiff additionally alleges that Defendants share overlapping board members and officers (all Puri family members), that there is common oversight and management of both Defendants, and that both Defendants are engaged in the hotel business and specifically engaged with the same hotel, the DoubleTree, and share the same address. Doc. 1, ¶¶ 6-11.

Viewing the factual allegations in the light most favorable to Plaintiff, *Eckert,* 514 F.3d at 806, the Court finds that Plaintiff has alleged sufficient facts to satisfy a showing on three of the four factors that courts consider in determining whether entities should be treated as a single employer. The first factor, the degree of interrelation between the operations, requires assessment of whether the entities share services of managers and personnel, share office space, and operate as a single unit. EEOC Compliance Manual, at 44-45. Plaintiff alleges Defendants share their manager, Vivek Puri, other personnel, and address, which demonstrates interrelation between Defendants' operations. Doc. 1, ¶¶ 6-10. The second factor in the single employer test, the degree to which the entities share common management, requires consideration of whether the same individuals manage or supervise the two entities or whether the entities have common officers and boards of directors. *Id. See also Sandoval v. American Bldg. Maintenance Industries, Inc.*, 578 F.3d 787, 796 (8th Cir. 2009) (applying the four-factor test and finding common management between two entities that shared the same leadership personnel, including the CEO and other executives). For example, in *Baker*, the Eighth Circuit upheld the district court's finding of a single employer relationship because one entity "provide[d] management services" for another entity, satisfying the second factor. *Baker*, 560 F.2d at 392. Here, Plaintiff alleges both Defendants are managed by Vivek Puri, and that the DoubleTree Hotel is operated by Vinca and managed by Puri Group. Doc. 1, ¶¶ 6-9. This alleged common management satisfies the second factor. For the fourth factor, common ownership or financial control, the Court asks whether one company owns the majority or all shares of the other, and if the entities share common officers or directors. EEOC Compliance Manual, at 44-45; *Sandoval*, 578 F.3d at 793 (applying the four-factor test). Plaintiff alleges Vivek Puri and his family members own both Defendant entities, and that they served as the officers and directors of both Defendants

4

during the relevant period, satisfying the fourth factor.  Doc. 1, ¶ 9 Plaintiff's showing on these three factors support a finding that Defendants should be consolidated under the single employer test.  *Baker*, 560 F.2d at 392; *Sandoval*, 578 F.3d at 793-96; *Smith*, WL 880420, at *9.

Puri Group argues, however, that although Puri Group and Vinca are both managed by Vivek Puri, this lone common employee fails to establish common management for the purposes of a single-employer theory, citing *Davis v. Ricketts*, 765 F.3d 823 (8th Cir. 2014).  Doc. 12, at 7. In *Davis*, the Eighth Circuit held on a motion for summary judgment that an individual defendant's joint participation on each of the defendant companies' respective boards of directors failed to satisfy the single-employer theory because the entities' labor relations were largely separate.  *Davis*, 765 F.3d at 828.  However, the record in *Davis* was devoid of evidence that the two defendant companies shared the same personnel and managers; in fact, the record showed that each entity had separate employees, functions, and purposes and that the entities operated in different states.  *Id.* at 827.  The record further showed that each company made independent day-to-day business decisions, creating their own budgets and purchasing supplies independently.  *Id.*  Defendants have not pointed to any similar facts here.  *Davis* thus is distinguishable based on the current record.

The purpose of the requirement that an administrative charge be filed is to give notice to the employer and to give the employer an opportunity to voluntarily comply with Title VII. *Greenwood*, 778 F.2d at 450 (citing *Liberels v. Cook County*, 709 F.2d 1122, 1126 (7th Cir. 1983).  Plaintiff has alleged that Vivek Puri received notice of Palmer's charge, and Vivek Puri responded to the charge and participated in the EEOC's investigation and conciliation proceedings on behalf of the hotel that is owned, operated, and managed by both Defendants. Doc. 1, at 2-3.  Thus, Plaintiff thus has plausibly alleged that Puri Group had notice of Palmer's

charge and had an opportunity to attempt reconciliation. *Sedlacek*, 752 F.2d at 336 (finding that an unnamed defendant was sufficiently apprised of an EEOC charge because it was a single employer with the named defendant).

## IV.    Conclusion

For the foregoing reasons, Puri Group's motion to dismiss, Doc. 11, is denied.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: July 2, 2020
Jefferson City, Missouri