Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) CASE NO. 2:20-cv-04021-NKL<br>) |
| VINCA ENTERPRISES, INC. | )<br>)<br>) |
| Defendant. | ) |

## CONSENT DECREE

1. On February 7, 2020, Plaintiff Equal Employment Opportunity Commission ("EEOC") instituted this action alleging that Vinca Enterprises, Inc. and Puri Group of Enterprises, Inc. subjected Kathryn Palmer to unlawful sexual harassment while she was employed at Vinca's DoubleTree Hotel in violation of Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII"). The EEOC subsequently moved to dismiss its claims against Puri Group of Enterprises, Inc.

2. Defendant Vinca Enterprises, Inc. ("Defendant") denies that it violated Title VII, and its agreement to the terms of this Consent Decree is not an admission that it violated Title VII.

3. The EEOC and Defendant have advised the Court that they wish to resolve the instant controversy without the further expense, delay, and burden of litigation, and jointly propose this Consent Decree to resolve all claims in this case.

4. Accordingly, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) the requirements of Title VII will be carried out by the implementation of this Consent Decree, (iii) this Consent Decree is intended to and does resolve all matters in controversy in this lawsuit, and (iv) the terms of this Consent Decree constitute a fair, reasonable, and equitable settlement and are not contrary to law.

**THEREFORE IT IS ORDERED, ADJUDGED, AND DECREED:**

5. Defendant shall maintain a workplace in which: (i) all employees are free from discrimination or harassment based on sex in all aspects of their employment; (ii) its actions, policies, and practices do not have the effect of harassing or intimidating any employee on the basis of gender or allowing such harassment or intimidation to occur; and (iii) the work environment is free of gender-based hostility, including but not limited to offensive comments and/or conduct of a sexual nature.

### I. MONETARY RELIEF

6. Within fifteen (15) days of entry of this Consent Decree and receipt by Defendant of an agreed upon release, executed by Kathryn Palmer, Defendant shall pay the total gross sum of Forty-Five Thousand ($45,000.00) to Kathryn Palmer by check sent via certified mail to an address provided by the EEOC. No later than January 31, 2021, Defendant shall issue a Form 1099 to Palmer reflecting this payment.

7. Within ten (10) business days of issuing the check to Palmer, Defendant will furnish a copy of the check and related correspondence to the EEOC.

8. All sums paid pursuant to this Consent Decree constitute compensatory damages within the meaning of Section 104(a)(2) of the Internal Revenue Code.

9. In the event of non-payment, it is acknowledged that the monetary relief set forth in this Consent Decree is a debt owed to and collectible by the United States or its proxy, notwithstanding that Kathryn Palmer is the ultimate beneficiary of this relief.

10. Defendant will not condition the receipt of individual monetary relief to Kathryn Palmer upon her agreement to: (a) maintain as confidential the terms of this Consent Decree or the facts of the case; (b) waive her statutory right to file a charge for future conduct with any federal or state anti-discrimination agency; (c) refrain from reapplying for employment with Defendant; (d) sign a non-disparagement agreement; (e) execute a general release of claims; or (f) any other terms or conditions not explicitly stated in this Consent Decree.

## II. POLICIES, PRACTICES AND PROCEDURES

11. Within thirty (30) days of entry of this Consent Decree, Defendant shall engage a qualified third party Consultant ("Consultant") to (a) evaluate Defendant's existing harassment-prevention policies, practices, training, and procedures for responding to alleged workplace harassment as set forth in this Consent Decree; (b) assist Defendant with the creation, adoption, and implementation of the policies, procedures, and training required by this Consent Decree; and (c) serve as an

alternative individual to whom employees may report potential workplace harassment during the term of this Consent Decree. Defendant shall be solely responsible for all costs associated with the Consultant's services.

12. Within thirty (30) days of retaining the Consultant and for the term of this Consent Decree, Defendant shall maintain a written sexual harassment policy that:

    a. Expressly prohibits any form of sexual harassment or hostile work environment based on sex;

    b. Clearly describes and provides examples of prohibited conduct, including but not limited to sexual conduct, sexual jokes, and unwelcome discussion of sexual topics;

    c. Encourages employees to report any conduct that they believe is harassing or creates a hostile work environment;

    d. States that employees are entitled to a workplace free from harassment by all persons, including management officials, supervisors, vendors, suppliers, third parties, and customers / guests;

    e. Identifies multiple convenient, confidential, and reliable methods and avenues for reporting harassment, including but not limited to Defendant's Operations Manager, General Manager, and the Consultant, with phone numbers and email addresses for each, and the ability to report either verbally or in writing;

f. Requires every manager, supervisor or other employee who receives a report – including anonymous reports – of prohibited conduct to immediately forward the report to Defendant's Operations Manager, General Manager, or the Consultant;

g. Assures employees that Defendant will maintain the confidentiality of all harassment complaints to the maximum extent possible;

h. Sets forth procedures for a prompt, thorough, and impartial investigation of every report of prohibited conduct, including (i) a procedure for keeping the complainant informed about the status and results of the investigation and any remedial action taken, (ii) processes for discreet investigations and interviews conducted in such a way as not to embarrass, intimidate, or harass alleged victims or witnesses, (iii) maintenance of written records of all investigatory steps, findings, conclusions, and remedial actions taken, if any, and (iv) either direct participation in the investigation, findings, and actions, or review of the investigation, findings, and actions, by the Consultant;

i. Describes the potential discipline, up to and including termination, that Defendant imposes on any employee who engages in prohibited conduct;

j. Assures employees that Defendant will hold accountable any person, including managers or supervisors, who engage in prohibited conduct or knowingly permit prohibited conduct to occur in Defendants' workplace; and

k. Assures employees that Defendant will protect them from retaliation if they report prohibited conduct, provide information related such reports, or participate in an investigation of such reports.

13. Within sixty (60) days of entry of this Consent Decree, annually during the term of the Consent Decree for all existing employees, and within five (5) days of hire for all new employees, Defendant will provide each employee a copy of its policies concerning sexual harassment and a single page document titled "Report Harassment" with the names and contact information of the individuals to whom harassment may be reported, in the form of Exhibit A hereto.

14. Within ninety (90) days of the entry of this Consent Decree, the Consultant shall assess Defendant's workplace for the risk factors associated with sexual harassment as set forth in the EEOC's 2016 Sexual Harassment Task Force Report and provide Defendant with written recommendations for mitigating those risks.

15. Within one hundred twenty (120) days of entry of this Consent Decree, Defendant shall provide a copy of the Consultant's report to the EEOC along with a statement of which recommendations Defendant proposes to adopt with an explanation of how and when those recommendations will be implemented, and a statement and explanation of which recommendations Defendant proposes not to adopt and why.

### III. TRAINING

16. Defendant shall ensure employee training regarding sexual harassment and discrimination uses plain, simple language, avoids legalese and provides clear, easy to understand instructions regarding how employees may report unwelcome conduct they have witnessed or experienced.

17. Within sixty (60) days of the Consultant's written recommendations as set forth in Section II, and annually during the term of the Consent Decree for all management and supervisory employees, and within five (5) days of hire or promotion to a managerial or supervisory position, Defendant shall require all managerial and supervisory employees to participate in a minimum of one (1) hour of live, video, or computer-based sexual harassment training which:

    a. includes clear and specific examples of inappropriate and prohibited harassing and sexually hostile conduct;

    b. emphasizes Defendant's commitment to providing a workplace free from sexual harassment, sex discrimination, and retaliation;

    c. provides a copy of and explains Defendant's sexual harassment policy;

    d. informs employees that if they engage in any prohibited harassing conduct they will be subject to immediate discipline, including demotion and termination;

    e. informs employees that managers' and supervisors' performance appraisals and eligibility for salary increases and bonuses will be based in part on their effective implementation of Defendant's sexual harassment policy; and

    f. provides the single page document titled "Report Harassment" attached as Exhibit B hereto and explains the methods by which employees may report sexual harassment; and

    g. emphasizes that Defendant will not tolerate retaliation against any employee who reports sexual harassment.

7

Case 2:20-cv-04021-NKL   Document 37-1   Filed 07/24/20   Page 7 of 18

18. Within sixty (60) days of the Consultant's written recommendations as set forth in Section II, and annually during the term of the Consent Decree for existing non-management employees, and within five (5) days of hire for new employees, Defendant shall require all non-management employees to view a video message from the Consultant concerning sexual harassment. The Consultant's video message will:

    a. state that Defendant expressly prohibits any form of sexual harassment or hostile work environment based on sex;

    b. clearly describe and provide examples of prohibited conduct including but not limited to sexual conduct, sexual jokes, and unwelcome discussion of sexual topics;

    c. encourage employees to report any conduct they believe is harassing or creates a hostile work environment;

    d. state that employees are entitled to a workplace free from harassment by all persons, including management officials, supervisors, vendors, suppliers, third parties, and customers/guests;

    e. identify multiple convenient, confidential, and reliable methods and avenues for reporting harassment, including but not limited to Defendant's Operations Manager, General Manager, and the Consultant, with phone numbers and email addresses for each, and the ability to report either verbally or in writing;

    f. states that every manager, supervisor or other employee who receives a report -- including anonymous reports – of prohibited conduct to immediately forward the report to Defendant's Operations Manager, General Manager, or the Consultant;

g. assure employees that Defendant will maintain the confidentiality of all harassment complaints to the maximum extent possible;

h. describe the potential discipline, up to and including termination, that Defendant imposes on any employee who engages in prohibited conduct;

i. assure employees that Defendant will hold accountable any person, including managers or supervisors, who engage in prohibited conduct or knowingly permit prohibited conduct to occur in Defendant's workplace; and

j. assure employees that Defendant will protect them from retaliation if they report prohibited conduct, provide information related to such reports, or participate in an investigation of such reports.

19. Within ninety (90) days of entry of this Consent Decree, any individual who investigates reports of sexual harassment or alleged violations of Defendant's sexual harassment policy must have received a minimum of three (3) hours of training within the previous twelve months regarding best practices and techniques for investigating reports of sexual harassment or discrimination, including but not limited to:

a. Defendant's legal obligation to prevent, investigate, and stop workplace sexual harassment;

b. selection of private, safe locations for interviews;

c. factors to consider when determining whether to include a witness in the interview and selection of that witness;

9

d.  best practices for obtaining information from a person who reports possible harassment, including how to conduct interviews in a way that encourages sharing of information, how to effectively use written questions, the use of translators when needed, and how to provide appropriate support for the reporting individual during the investigative process;

e.  best practices regarding how to treat the reporting individual and alleged harasser during the course of the investigation, including but not limited to separate work areas, transfer, paid leave, suspension, etc., and protecting the reporting individual from retaliation;

f.  how to judge the credibility of witnesses;

g.  best practices for determining the appropriate thoroughness of an investigation, including necessary witnesses and review of other appropriate evidence such as emails, text messages, voicemails, video footage, etc.; and

h.  best practices for handling the conclusion of an investigation in a way that prevents future concerns regarding unlawful harassment, prevents retaliation, and informs the reporting individual of how he/she can report retaliation or future concerns.

## IV. RECORDS OF SEXUAL HARASSMENT COMPLAINTS

20. During the term of this Consent Decree, Defendant shall maintain all records related to reports of sexually harassing conduct, including information provided by the reporting employee or witnesses, interview notes and other documents related to Defendant's investigation of the complaint, reports or

memoranda documenting the findings and conclusions of investigations, the actions taken, if any, as a result of the investigation, and, if the reporting individual is no longer employed by Defendant, the date and reason for the employee's separation from employment.

21. Within six (6) months of entry of this Consent Decree and every six months thereafter for the term of this Consent Decree, Defendant shall submit to the EEOC a list of all complaints or reports of alleged sexual harassment received in the previous six (6) months, including a description of the complaint, the identity of each person who complained or reported such conduct, the identity of all other employees involved (including but not limited to witnesses, the alleged harasser, and all supervisors, managers and other employees involved in resolving the complaint), a description of Defendant's investigation and actions taken, and copies of all documents relating to each complaint/report. For each person listed, Defendant shall provide the person's name, last four digits of his/her social security number, address, phone number and job title.

22. At any time during the term of this Consent Decree, the EEOC may submit a written request and Defendant shall provide within thirty (30) days, copies of any documents, reports, or other information referenced in the Consent Decree that the Commission deems necessary to ensure compliance with this Consent Decree.

## V. NOTICE REQUIREMENT

23. Within thirty (30) days of entry of this Consent Decree, Vivek Puri shall sign and conspicuously post the Notice to Employees ("Notice") attached hereto as

Exhibit B. The Notice shall be posted in two locations at each of Defendant's facilities in areas where other employee notices are posted. Should the Notice become defaced, marred or otherwise unreadable, Defendant shall post a new, legible copy of the Notice within five (5) business days of learning of the defacement.

## VI. REPORTING, RECORD-KEEPING, AND MONITORING

24. Within ten (10) business days of completion of the requirements in paragraphs 6, 11-15, 17-19 and 23 above, Defendant will submit to the EEOC certification of compliance with those paragraphs, including copies of all related documents, and completion and/or acknowledgement logs showing all individuals by name and job title who participated in training as set forth in Section III.

25. Within sixty (60) days of entry of this Consent Decree, Defendant will provide the EEOC with the identification and qualification(s) of the proposed trainer(s) and/or video and/or computer-based sexual harassment training provider. Defendant will provide the EEOC with copies of all materials to be used in the training described in paragraphs 17 and 18 within sixty (60) days of the Consultant's written recommendations set forth in Section II. If the EEOC has any objections to the trainers or materials, it will notify Defendant in writing within thirty (30) days of receipt.

26. All certifications, notices, reports and other materials required to be submitted to the EEOC under this Consent Decree shall be emailed to EEOC-SLDO-decree-monitoring@eeoc.gov.

## VII. EMPLOYMENT OF TRAVIS STECK AND ANTOINE KING

27. Defendant shall not employ Travis Steck or Antoine King in any capacity or allow Mr. King upon Defendant's premises during the term of this Consent Decree.

## VIII. MISCELLANEOUS PROVISIONS

28. This Consent Decree shall be in effect for a period of two (2) years and may be extended by petition to the Court. This Court shall retain jurisdiction over this matter for purposes of compliance and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities.

29. Upon motion of the Commission or Defendant, this Court may schedule a hearing for the purpose of reviewing alleged non-compliance with this Consent Decree. Each party shall bear its own costs, expenses and attorneys' fees incurred in connection with such action. Before seeking Court intervention, the moving party shall notify the other party through counsel of the alleged non-compliance issue(s) and will attempt to resolve the matter(s) without Court intervention. The parties will not seek Court intervention without first providing twenty (20) days' written notice via email or regular mail to the other party of the alleged compliance issue(s) and the opportunity to cure such matters and/or advise the notifying party why it believes there is no violation of the Consent Decree.

30. The terms of this Consent Decree shall be binding upon Defendant's present and future owners, directors, members, officers, managers, agents, successors and assigns. For the duration of this Consent Decree, Defendant and any successor(s)

13

Case 2:20-cv-04021-NKL   Document 37-1   Filed 07/24/20   Page 13 of 18

shall provide a copy of this Consent Decree to any organization or person who proposes to acquire or merge with them or any proposed successor, prior to any such acquisition, merger or succession.

31. Each party shall bear its own attorneys' fees and costs incurred in connection with this action.

**IT IS SO ORDERED.**

DATE: _____          _____
                                      UNITED STATES DISTRICT JUDGE

**FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

SHARON FAST GUSTAFSON
General Counsel

ROBERT A. CANINO
Acting Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Andrea G. Baran
ANDREA G. BARAN, MO Bar 46520
Regional Attorney

C. FELIX MILLER, MO Bar 28309
Supervisory Trial Attorney

JENNIFER L. ARENDES, MO Bar 46638
Trial Attorney

MEREDITH S. BERWICK, MO Bar 64389
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
St. Louis District Office

1222 Spruce, Room 8.100
St. Louis, MO 63103
Telephone: 314-539-7910
Facsimile: 314-539-7895

FOR DEFENDANT VINCA ENTERPRISES, INC.

_____
RAMAN PURI, President

/s/ Katrina Y. Morgan
_____
KATRINA Y. MORGAN, MO Bar 60166
BENJAMIN R. MARBLE, MO Bar 69207
JACKSON LEWIS, P.C.
222 South Central Avenue, Ste. 900
St. Louis, MO 63105
Telephone: 314-827-3939
Facsimile: 314-827-3940

EXHBIT A

# REPORT HARASSMENT

## THE DOUBLE TREE HOTEL WILL NOT TOLERATE SEXUAL HARASSMENT!

You have a right to a workplace free from:
* Sexual Jokes * Unwanted "Come-ons" * Unwanted Touching *
* Mistreatment * Harassment *

## IF YOU BELIVE YOU OR SOMEONE ELSE IS BEING HARASSED OR DISCRIMINATED AGAINST BECAUSE OF SEX, REPORT IT IMMEDIATELY TO:

[NAME], Operations Manager, [phone number], [email address]
[NAME], General Manager, [phone number], [email address]
[NAME], Consultant, [phone number], [email address]

*WE WANT TO HEAR FROM YOU. IF YOU MAKE A REPORT, YOU WILL NOT BE SUBJECT TO ANY NEGATIVE ACTION OR RETALIATION.*

EXHIBIT B

## SEXUAL HARASSMENT IS PROHIBITED

Federal law prohibits employers, including a supervisor, manager or coworker, from treating you differently or harassing you because of your sex. Unlawful sexual harassment includes requests for sexual favors; lewd or offensive sexual jokes, comments and innuendo; and unwanted physical touching. You are not required to tolerate such comments or conduct in the workplace.

**Any employee who engages in sex discrimination or harassment shall be subject to immediate discipline, up to and including termination.**

Vinca Enterprises, Inc. does not tolerate retaliation against any employee or job applicant who reports or opposes any employment practice which he/she believes to be unlawful under federal or state law.

## YOU MAY REPORT HARASSMENT, DISCRIMINATION, OR RETALIATION TO:

[CONSULTANT]
[PHONE] or [EMAIL ADDRESS]

### and/or

**U.S. Equal Employment Opportunity Commission at (314) 539-7911**

_____                    _____
Date                                                                       Vivek Puri, Vice President and
                                                                           General Manager